UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARMEN L. RIVERA,<br>    Plaintiff,<br><br>    v.<br><br>MEGAN J. BRENNAN, POSTMASTER<br>GENERAL,<br>    Defendant. | No. 16-cv-330 (VAB) |

**RULING ON MOTION TO DISMISS AND MOTION TO STRIKE**

Plaintiff, Carmen L. Rivera, initially filed a Complaint, on February 29, 2016, naming as Defendants Megan J. Brennan, the Postmaster General of the United States; Derek Hudson, a Manager for Customer Services for the United States Postal Service ("USPS") and Ms. Rivera's immediate supervisor; and Gary Thompson, a Postmaster for the USPS. ECF No. 1.

On June 29, 2016, Defendants then moved, under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(f), to dismiss all claims against Mr. Hudson and Mr. Thompson as well as Ms. Rivera's intentional infliction of emotional distress claim and claim for punitive damages against Ms. Brennan. ECF No. 15. Ms. Rivera then filed an Amended Complaint on July 20, 2016, removing Mr. Hudson and Mr. Thompson as defendants and omitting the intentional infliction of emotional distress claim and claim for punitive damages against the only remaining defendant, Ms. Brennan. ECF No. 20.

In the parties' Joint Report of their Rule 26(f) Planning Meeting, as approved and modified by the Court's Rule 16 Scheduling Order issued on July 12, 2016, the parties provided that Ms. Rivera would have until August 1, 2016 to file motions to join additional parties or to

1

amend the Complaint. Rule 26(f) Report at 5, ECF No. 16; ECF No. 19.  Ms. Rivera then filed her Amended Complaint on July 20, 2016.  ECF No. 20.

At the time when Ms. Rivera filed her Amended Complaint, she was entitled, under Rule 15(a)(1), to amend her complaint "as a matter of course." Fed. R. Civ. P. 15(a)(1).  Under Rule 15(a)(1), if a pleading is, like a complaint, one to which a responsive pleading is required, a party may "amend its pleading once as a matter of course within" the "earlier" of either (a) "21 days after service of a responsive pleading" or (b) "21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1); *see also Argraves v. United States*, No. 3:11-CV-1421 SRU, 2013 WL 1856527, at *2 (D. Conn. May 2, 2013) ("Rule 15(a)(1)(B) grants the movant the right to amend a pleading 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier, if the pleading is one to which a responsive pleading is required.").  Ms. Rivera filed her Amended Complaint, the first and only amendment to her complaint so far, on July 20, 2016, within the 21 day window following the June 29, 2016 filing and service of Defendants' Motion to Dismiss under Rule 12(b)(1) and (5).  Thus, Ms. Rivera amended her complaint during the period when Rule 15(a)(1) allowed her to do so as a matter of course.  The Amended Complaint is, therefore, the operative one in this case.[1]

Defendants' pending Motion to Dismiss, filed in response to Ms. Rivera's original Complaint, requests only the dismissal of the claims against Mr. Hudson and Mr. Thompson, Ms. Rivera's claim for intentional infliction of emotional distress, and Ms. Rivera's claim for punitive damages.  ECF No. 15.  "When a plaintiff amends its complaint while a motion to

---

[1] Furthermore, the parties agreed, in the Rule 26(f) Report, that Ms. Rivera would have until August 1, 2016 to amend the complaint.  Rule 26(f) Report at 5, ECF No. 16. The Court accepted this deadline through its Rule 16 Scheduling Order, which adopted the case management plan proposed by the parties.  ECF No. 19.

dismiss is pending, the court then has a variety of ways in which it may deal with the pending motion to dismiss, from [1] denying the motion as moot to [2] considering the merits of the motion in light of the amended complaint." *Saye v. First Specialty Ins. Co.*, No. 14-CV-5946 JG LB, 2015 WL 1737949, at *3 (E.D.N.Y. Apr. 16, 2015).  Either approach results in the same conclusion here.  Because Ms. Rivera's Amended Complaint removes the intentional infliction of emotional distress and punitive damages claims in addition to all claims against Mr. Hudson and Mr. Thompson, the pending Motion to Dismiss is moot, as none of the claims that Defendants moved to dismiss are in the Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED AS MOOT.**

SO ORDERED at Bridgeport, Connecticut, this 19th day of October, 2016.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge